[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action is an appeal by the plaintiff, Town of Windsor Locks, of a revaluation made of state owned real estate by the defendant, State of Connecticut, Office of Policy and Management (OPM), as administrator of the Payment in Lieu of Tax (PILOT) grant program established by General Statutes §§ 12-19a
through 12-19c. The PILOT grant program provides a grant to replace lost taxes to municipalities in which there is located CT Page 2128 state owned real estate. The grant to municipalities equals 20% of the amount of property taxes that would otherwise be due if the state owned property were taxable. See General Statutes §12-19a.
Municipalities with state owned real estate located within their borders must submit to the Secretary of OPM annually the assessed value of all state owned real estate. If, after receiving the assessed value of state-owned real estate, the Secretary concludes that the values submitted are inaccurate he or she may revalue the property and notify the municipality aggrieved by the change. General Statutes § 12-19b. Any municipality aggrieved by the Secretary's reevaluation may appeal this determination to the Superior Court for the judicial district wherein the real estate is located. General Statutes § 12-19b.
On October 1, 1989, the town completed a revaluation of all of its real estate located within the town. As part of this revaluation the town assessed the 1080.5 acres of land comprising part of Bradley International Airport (BIA) at $378,175,000.[1]
This assessment was based on a finding by the town of a fair market value of $500,000 per acre of land. OPM paid the town a PILOT grant based upon the town's assessed value in 1989, 1990, 1991 and 1992.
By notice dated August 31, 1995, OPM notified the town of a modification of the assessed valuation as submitted by the town on the October 1, 1993 and October 1, 1994 grand lists. OPM reduced the assessed value of the state owned raw land at BIA in Windsor Locks to $75,635,000, which equals a fair market value of $100,000 per acre of land. The town thereafter filed these appeals from OPM's modification.
BIA is a state owned airport that is partly in the towns of East Granby, Windsor Locks, Suffield, and Windsor containing over 2500 acres of land.
Both OPM and the town agree that BIA is a special use property and its highest and best use is a continuation of its use as an international airport. OPM's appraiser, Donald A. Stern, considered that the underlying zone of the BIA land located in Windsor Locks was industrial and valued the land at $75,000 per acre, resulting in a total valuation of $81,000,000 for the 1080.50 acres of land. The town's appraiser, Peter R. CT Page 2129 Marsele, recognized that there were no comparable sales for BIA. Both Marsele and Stern concluded that neither the cost approach nor the income approach was applicable to BIA. Both appraisers acknowledged that the market sales approach was the only viable approach left. Whereas Stern looked at the underlying zone as industrial in considering his comparable sales, Marsele considered comparable sales of commercial businesses located in business zones that benefit from being close to airports such as valet parking, gas stations, motels, restaurants and office buildings. Both appraisers acknowledged that BIA is not subject to local zoning laws since the State of Connecticut is the owner of the land.
We agree with both appraisers that the highest and best use of the subject property is its continued use as an international airport. It is a general proposition that the highest and best use of real property establishes its maximum value. The Appraisal Institute, The Appraisal of Real Estate (10th ed. 1992) p. 277. Since the highest and best use of the raw land at BIA is not as industrial or commercial land subject to zoning but as an international airport, we recognize the frustration of both Marsele and Stern in using the only viable approach to value — the market sales approach — where no comparable sales in the state exist. Each appraiser has tried in creative ways to develop a theory of value that can be adapted to the subject property.
In the cases of East Granby v. The State of Connecticut.Office of Policy and Management, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket Nos. CV91-0501247, CV94-0541950, and CV95-0553866 (November 13, 1996), this court considered an appeal by the town of East Granby challenging OPM's valuation of land comprising part of BIA in the town of East Granby. East Granby and Windsor Locks had the same revaluation date of October 1, 1989. In the East Granby cases we considered the opinions of the same appraisers and the same issues presented in this case. In East Granby, which dealt with 595.77 acres of BIA land, we concluded that the per acre fair market value of that land was $150,000.
The only distinguishing feature of the Windsor Locks cases and the East Granby cases is the claim of the town of Windsor Locks that because the area of land of BIA in Windsor Locks is larger in size than that in East Granby, it has a higher per acre value than the East Granby land. Conversely, OPM claims that the value of larger parcels of land decrease when compared to smaller CT Page 2130 parcels of land.
The issue here is whether the subject land located in Windsor Locks should have a higher value or lower value than land located in East Granby based solely on the fact that the Windsor Locks land is approximately double the size of the East Granby land and makes up the larger part of BIA.
The town contends that although "under most circumstances, larger parcels of land tend to have a lower per acre value than smaller parcels . . . this is simply not the case for BIA . . . Common sense dictates that larger airports are able to provide longer runways, more expansive terminals and significant amenities which attract larger airplanes and a greater number of international, national, and regional flights. Put simply, bigger is better for airport use." (Plaintiff's trial brief, p. 9.)
Land has value when it has utility for a specific use, and there is a demand for that use. The Appraisal Institute, TheAppraisal of Real Estate (10th ed. 1992) p. 299. We have already determined that the highest and best use of the subject property is its continued use as an international airport. The reason for determining the highest and best use of land is to select the use which will likely produce the highest market value. TheMetropolitan District v. Town of Burlington, 241 Conn. 382, 390,696 A.2d 969 (1997). We agree with the town that an international airport requires a site containing large areas of flat land for takeoff and landing of large commercial aircraft. The town's basic claim is that since it has over 1000 acres of BIA land within its borders, its share of the total 2500 acres of BIA land is more valuable than the smaller segments of BIA land lying within the borders of East Granby, Suffield, and Windsor. We disagree. We are, in a sense, valuing a use of land that encompasses 2500 acres of land, not various segments that make up the total acreage. To argue that the Windsor Locks parcel, because it makes up 1080.5 acres of the approximate 2500 acres of total airport land, is more valuable, is to contradict the town's own logic. Using the town's argument, the reason for the higher valuation of land comprising BIA is not the 1080.5 acres contributed by Windsor Locks, but rather the total 2500 acres contributed by all of the surrounding towns. It would be absurd for this court to determine that the value for airport land increases with size, and then value the Windsor Locks land higher than BIA land in other towns simply based on the acreage of each component. Common sense dictates otherwise. See Konover v. TownCT Page 2131of West Hartford, 242 Conn. 727, 743, 699 A.2d 158 (1997). We held in East Granby v. The State of Connecticut, Office of PolicyManagement, supra, that the value of East Granby's BIA land of 595.77 acres was $150,000 per acre. If we concluded in this case, as the town proposes, that the BIA land in Windsor Locks should be valued at $500,000 per acre, the BIA land in Windsor Locks would have a value of over three times more than that of land in East Granby that has the same highest and best use. This position of the town is in conflict with the opinion of its own appraiser. In the East Granby case, supra, Marsele was of the opinion "that fair market value of the acreage located in the East Granby section of the airport was $500,000 per acre." Id., p. 13. Marsele, in the present action, comes to the same conclusion as to the Windsor Locks land — that it is worth $500,000 per acre. We see no distinction in valuing the Windsor Locks land differently from the East Granby land, where both parcels are essential to the continued operation of BIA. We conclude therefore, that the value of the BIA land in Windsor Locks has the same market value as the East Granby portion of BIA, that is, $150,000 per acre of land.
Accordingly, we find the fair market value of the subject property on October 1, 1989, was $150,000 per acre for a total of $162,075,000. The secretary of OPM shall correct the valuation of the subject property based upon the finding of this court.
Judgment may enter sustaining the town's appeal without costs to either party.
Arnold W. Aronson Judge Trial Referee